# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DALLAS C. SALING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-CV-2014-CEJ |
| | ) |
| ST. FRANCOIS COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Dallas Saling's "motion for leave to appeal in forma pauperis" [Doc. #5], which the Court will liberally construe as a motion to proceed without the payment of any partial filing fees.[1]  Because plaintiff states that he has been unable to obtain a prison account statement, the Court will grant his motion and will not assess an initial partial filing fee at this time. See 28 U.S.C. § 1915(b)(1).

---

[1] On December 9, 2011, the Court ordered plaintiff to submit a certified copy of his prison account statement [Doc. #4].  On December 15, 2011, plaintiff filed a document entitled "Motion and Affidavit for Permission to Appeal In Forma Pauperis" [Doc. #5], stating "I have asked repeatedly for things such as my prison account statement.  None or nothing is being presented and I have filed grievances."

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are the St. Francois County Jail ("SFCJ"),[2] Unknown Ramsey (Deputy), Daniel Smith (Jail Administrator and Sergeant), Hardy White ("Ranking Official"), Darren Cook

---

[2]The Court notes that on May 25, 2011, plaintiff filed a similar action against St. Francois County Jail and St. Francois County Sheriff's Department.  See Saling v. St. Francois County Jail, No. 4:11-CV-958-DDN (E.D.Mo.).  On May 31, 2011, the action was dismissed pursuant to 28 U.S.C. § 1915(e) on the ground that neither defendant is a suable entity.

(Shift Supervisor), Richard Ett (Deputy), Unknown Gilore (Deputy), and Rodney Harris (Nurse).[3] Plaintiff alleges that he was "pulled off ten medications when he entered [SFCJ] on April 26, 2011." He states that he had been taking a variety of medications for blood pressure, allergies, mood stabilization, anxiety, depression, muscle tension, sleep, and water retention, as well as vitamins for "proper immunity functions." Plaintiff claims that he is only being given one medicine, "Metoprolol," but it is for 25 mg, whereas his physician had prescribed "12.5 m" twice daily. He states, "getting my medications correct seems to be a problem or game to the people who work here." For relief, plaintiff seeks a transfer to the Calloway County Jail. He also states, seemingly contradictorily, that he is "filing for the proper compensation,"

---

[3] The Court notes that on June 10, 2011, plaintiff filed another 42 U.S.C. § 1983 action arising out of the alleged deprivation of medications at the St. Francois County Jail. See Saling v. St. Francois County Jail, No. 4:11-CV-1058-CDP (E.D.Mo.). In his first amended complaint, plaintiff named the following parties as defendants: St. Francois County Jail, Unknown Ramsey, Unknown Millstad, Darren Cook, Rodney Harris, K. Glore, Richard Ett, and Unknown Dear. On August 2, 2011, the action was dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e) and Rule 41(b) of the Federal Rules of Civil Procedure. The Court held that the Jail is not a suable entity, the amended complaint failed to state a claim against the individual defendants in their official capacity, and plaintiff failed to set forth any facts against Ramsey, Cook, Glore, Ett, or Dear. In addition, the Court found that plaintiff had failed to pay the initial partial filing fee, as previously ordered. Plaintiff appealed, and the case is presently pending in the United States Court of Appeals for the Eighth Circuit. See Saling v. St. Francois County Jail and Sheriff's Department, No. 11-3669 (8th Cir.).

and that he is not claiming either actual or punitive monetary damages for the acts alleged in the complaint.

## Discussion

Plaintiff brings this action against the individual defendants in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As such, the complaint fails to state a claim upon which relief can be granted as to defendants Ramsey, Smith, White, Cook, Ett, Gilore, and Harris.

Plaintiff's claims against SFCJ are legally frivolous because this defendant is not a suable entity. See Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836

(S.D.N.Y. 1994)(jails are not entities amenable to suit); Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890 (E.D.Va. 1992)(local jails are not "persons" under § 1983).

The transfer of a prisoner to another prison is entirely within the discretion of prison officials, Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984), and prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Murphy v. Missouri Dept. of Correction, 769 F.2d 502, 503 (8th Cir. 1985).  Any protected interest plaintiff might have in being incarcerated in a particular state prison would have to be created by state law.  See Hewitt v. Helms, 459 U.S. 460, 469 (1983).  Plaintiff has failed to allege the existence of such a law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "motion for leave to appeal in forma pauperis" [Doc. #5], which the Court has liberally construed as a motion to proceed without the payment of partial filing fees in the instant action, is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as <u>Dallas C. Saling v. St. Francois County Jail, Unknown Ramsey, Daniel Smith, Hardy White, Darren Cook, Richard Ett, Unknown Gilore, and Rodney Harris</u>.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's original motion for leave to proceed in forma pauperis [Doc. #2] and motion for appointment of counsel [Doc. #3] are **denied** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of March, 2012.

*/s/ Carol E. Jackson*
UNITED STATES DISTRICT JUDGE